THE NATIONAL WALL PAPER COMPANY, Respondent, *v.* ROBERT F. HOBBS, Appellant.

*Contract, in restraint of trade, when legal — a person cannot avoid the contract while enjoying its benefits.*

An agreement by which a person promises that he will not directly or indirectly engage in, or become associated with, any business of manufacturing, buying or selling wall paper, decorations, furnishings, or merchandise of a similar character, either as principal, agent, employee, or in any other relation or capacity, or as stockholder, director, trustee, agent, officer or employee of any corporation, other than one specified, in any State or Territory of the United States, except the State of Washington, is not illegal as in general restraint of trade.

A person who is a party to an instrument by which, for a valuable consideration, he has agreed not to enter into a certain branch of business anywhere in the United States, except in the State of Washington, cannot, while he retains. the fruits of the contract, allege as a defense to an action brought to restrain him from violating the agreement that the instrument was part of a corrupt and wicked conspiracy against the law and the public policy of the State, in that it was a combination by manufacturers designed to increase the price of. goods and to lower the price of wages.

APPEAL by the defendant, Robert F. Hobbs, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 17th day of June, 1895, continuing a preliminary injunction theretofore granted in the action.

*A. B. Boardman,* for the appellant.

*Samuel Untermyer,* for the respondent.

VAN BRUNT, P. J.:

This action was brought for the purpose of restraining the defendant from the violation of an agreement which it is alleged that he entered into with the plaintiff, whereby he agreed, for a consideration received by him, that he would not directly or indirectly engage in or become associated with any business of manufacturing, buying or selling wall paper, decorations, furnishings or merchandise of a similar character as principals, agents, employees, or in any other relation or capacity, or as stockholders, directors, trustees, agents, officers or employees of any corporation other than the plaintiff, in any State or Territory of the United States, except the State of Washington.

It appears and is conceded upon the part of the defendant that he was making preparations to enter as employee into the business of a rival corporation. The injunction obtained herein was continued upon motion, and from the order continuing the injunction this appeal is taken.

Since the decision of the case of *The Diamond Match Company* v. *Roeber.* (106 N. Y. 473) such a contract as above referred to cannot be held to be illegal as in general restraint of trade.

It is urged, however, upon the part of the defendant, that the contract which was entered into by his firm and himself with the plaintiff was void because it was part of a corrupt and wicked conspiracy against the law and public policy of this State, in that it was a combination of manufacturers for the purpose of putting up the price of goods and down the price of wages. In view of the fact that the defendant retained the price which was paid for his corrupt and wicked agreement, it is difficult to see how he can claim that he

HUN —VOL. XC.     37

should be absolved from its obligations, or how he can claim, being a party to the instrument and having received that which he considered an adequate consideration for the restraint which was put upon his volition, that such restraint should be removed and he be permitted to enjoy the fruits of what he claims to be his unlawful agreement. We do not think that the defendant is in a position to attack this contract, certainly not with its fruits in his pocket.

The order should be affirmed, with ten dollars costs and disbursements.

O'BRIEN and PARKER, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.